# Exhibit A

## LOCAL 259 UAW SOCIAL SECURITY DEPARTMENT

## AGREEMENT AND DECLARATION OF TRUST

WHEREAS, on April 26, 1948, an AGREEMENT AND DECLARATION OF TRUST was duly made and entered into by and between AMALGAMATED LOCAL 259 INTERNATIONAL UNION OF UNITED AUTOMOBILE, AIRCRAFT, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, (now AMALGAMATED LOCAL 259, UNITED AUTOMOBILE, AEROSPACE, and AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO) (hereinafter called "Local 259"), and various employers having collective bargaining agreements with Local 259 which provide for the payment of specific sums of money by such employers for the purpose of providing welfare benefits to employees covered by said agreements; and

WHEREAS, on April 4, 1957, the Agreement and Declaration of Trust was amended and restated; and

WHEREAS, said Agreement and Declaration of Trust has been subsequently amended; and

WHEREAS, it is deemed desirable to further amend and restate the Agreement and Declaration of Trust;

NOW, THEREFORE, BE IT RESOLVED that the Agreement and Declaration of Trust dated April 26, 1948, as amended, be and the same hereby is further amended and restated this 1st day of January, 2000, to read as follows:

# ARTICLE I

## DEFINITIONS

Unless the context or subject matter otherwise requires, the following definitions shall govern in this amended Agreement and Declaration of Trust:

Section 1.      The term "Agreement" as used herein shall mean this instrument, including any amendments thereto and modifications thereof, which shall be binding upon any Trustees, substitute Trustees and successor Trustees signatory hereto and shall likewise be binding upon any of the parties signatory hereto or any successor or assign of such party, and any Employer as defined herein.

Section 2.      The term CONTRIBUTIONS as used herein shall mean the payments required to be made to the Social Security Department by the Employer under a collective bargaining agreement between the Employer and Local 259 or as otherwise provided.

Section 3.      The term EMPLOYEES as used herein shall mean all employees covered by a collective bargaining agreement between an Employer and Local 259 providing for such Employer's participation in the Social Security Department, employees and officials of Local 259, employees of the Local 259 UAW Pension Fund, and the Local 259 Social Security Department created by this Trust Indenture, and former employees and other persons who are employed by an Employer which has a collective bargaining agreement with Local 259, in accordance with resolutions of the Trustees, and shall be deemed to include any employees who may leave the employ of one Employer and enter the employ of another Employer as herein defined.

Section 4.     The term EMPLOYER as used herein shall mean each employer who has presently in force or who hereafter executes a collective bargaining agreement with Local 259 providing for such employer's participation in the Social Security Department and who agrees to be bound by this amended Agreement and Declaration of Trust (hereinafter called the "Trust Agreement"), the Local 259 UAW Pension Fund, Local 259, and the Local 259 Social Security Department created by this Trust Indenture, to the extent that they agree to make payments to the Social Security Department on the same terms and conditions as employers with collective bargaining agreements with Local 259.  Neither the Union nor the Social Security Department nor the Local 259 Pension Fund shall have the rights of Employers with respect to the appointment or removal of Employer Trustees or successor Employer Trustees.

Section 5.     The term LOCAL 259 as used herein refers to Amalgamated Local 259, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO.

Section 6.     The term PLAN as used herein shall mean the program, method and procedure for the making of regular contributions by Employers to the Trust Fund and the payment by the Trustees of benefits from the Trust Fund consistent with the terms of said collective bargaining agreements and the provisions of this Trust Agreement and subject to such rules and regulations relating to eligibility requirements, amount, computation and types of benefits and the general administration and operation of the Trust Fund as the Trustees may from time to time in their sole discretion promulgate.

Section 7.     The term SOCIAL SECURITY DEPARTMENT refers to the Trust Fund created by this Agreement and administered by the Trustees.

32441
00032441;1

3

Section 8.     The term TRUST FUND or FUND as used herein shall mean all contributions to the trust fund created hereunder required to be made under said collective bargaining agreements and any additional contributions thereto that may hereafter be agreed upon by the parties under collective bargaining agreements, or any modification, amendment, revision or extension thereof, together with all cash, credits, stocks, either common (with or without voting power) or preferred (with or without present or future voting rights in the event of the happening of a preference condition), bonds, notes, other property or securities or interests in property (real, personal or mixed) whether or not such funds meet the requirements of legal investments for trust funds in any state or jurisdiction, all income from investments, any insurance policies held in or forming a part of the Fund, and all dividends, refunds and other income therefrom, and all additional monies or property received and held by the Trustees for the uses, purposes and trust set forth in this Trust Agreement.

Section 9.     Trustees.

(a)     The term "Employer Trustees" as used herein shall mean the Trustees appointed by the Employers.

(b)     The term "Employee Trustees" as used herein shall mean the Trustees appointed by Local 259.

(c)     The term "Trustees" as used herein shall mean the Employer Trustees and Employee Trustees  collectively, and shall include their successors when acting as Trustees.

32441
00032441;1                                4

## ARTICLE II

## CONTRIBUTIONS TO THE SOCIAL SECURITY DEPARTMENT

Section 1.     The contributions of the Employers shall be paid over by the Employers to the Trustees by the 25th day of the month preceding the month for which they are credited, or at such other regular intervals as the Trustees shall direct on ten days' written notice, and shall include payments for Employees hired before the 15th day of the month. The rate of contribution, but not the benefit structure, shall at all times be governed by the collective bargaining agreements or other agreements then in force and effect, together with any amendments, supplements or modifications thereto.

Section 2.     The Trustees, or Local 259 on their behalf, may compel and enforce the payment of the contributions in any manner which they may, in their sole and uncontrolled discretion, deem proper, including but not limited to arbitration or proceedings at law and/or equity, and the Trustees may make such additional rules and regulations to facilitate and enforce the collection and payment thereof as they may deem appropriate.  All costs, fees and expenses thereby incurred by the Fund, or on its behalf, as well as interest and liquidated damages, shall be paid by the Employer which has not made timely payment of the contributions due the Social Security Department.  Unless the Trustees direct to the contrary, collections and payments from

Employers which have not made timely payment of the contributions due shall be applied first to the earliest periods for which contributions have not been received.

Section 3.    All contributions required from an Employer in respect to each payroll period shall after their due date and until their payment over in full by the Employer to the Trustees be deemed to constitute a trust fund in the possession of such Employer, and said Employer shall be responsible and liable therefor to the Social Security Department as a fiduciary.

Section 4.    All contributions received by the Social Security Department shall be promptly deposited in such bank or banks as the Trustees may direct.

Section 5.    The contributions of the Employer and the assets of the Social Security Department derived therefrom shall never inure to the benefit of any Employer and shall be held for the exclusive purpose of providing benefits to Employees and their dependents or other specified beneficiaries and defraying the reasonable expenses of administration of the Social Security Department in accordance with this Trust Agreement and the Plan.

Section 6.    Each Employer shall promptly furnish to the Trustees on demand any and all payroll records relating to those in his employ which the Trustee shall request in writing. Each Employer shall also render to the Trustees with the payment of each contribution, or at such other regular intervals as the Trustees may request, such written reports relating to his Employees, including all information as to the wages paid to and hours worked by said Employees and the contributions due or payable to the Social Security Department, as the Trustees may require.

Section 7.    The Trustees, or their authorized representatives, may examine the pertinent payroll books and records of each Employer whenever such examination may be deemed necessary or advisable by the Trustees in connection with the proper administration of the Social Security Department.

Section 8.    No employee or any person claiming by or through any Employee shall have any individual right, title, interest, or claim under this Agreement against Local 259, any employer, or against the Social Security Department, or upon the contributions of an Employer, or upon any assets or funds held by or under the control of the Social Security Department.  Title to all of the money, property and income paid into or accrued by the Trust Fund shall be vested in and remain exclusively in the Trustees.  No interest or right in, or claim to any contributions can be assigned, transferred, pledged or mortgaged by any person, either directly or indirectly.  No contribution, or any claim thereto, shall be subject to attachment, garnishment, levy, seizure, or any other legal process by reason of any claim of any person against an Employer, or Local 259, or the Social Security Department, or any Employee or dependent or beneficiary covered by this Agreement.

ARTICLE III

FORMULATION OF THE PLAN, POWERS AND
DUTIES OF THE TRUSTEES, EXPENSES AND FEES

Section 1.      The Trustees shall, among other things:

(a)      Accept and receive all contributions and shall hold, invest, reinvest, manage and administer the same as part of the Social Security Department, in trust, for the uses and purposes herein provided.

(b)      Accumulate all income, earnings and profits of the Social Security Department and receive and administer the same as a part thereof.

Section 2.      Consistent with the said collective bargaining agreements, and the Labor Management Relations Act of 1947, as amended, and the Employee Retirement Income Security Act of 1974, as amended, the Trustees, in their sole discretion and without previous approval of or subsequent ratification by any party hereto or any court, tribunal or other body, shall:

(a)      Formulate, adopt and administer a program of benefits for the exclusive benefit of the Employees and their dependents or other specified beneficiaries in order to provide health and welfare benefits for participating Employees and dependents or other specified beneficiaries of such participating Employees; provided, however, that no pension or annuity benefits may be provided for or paid under this Agreement, and provided that the administration of such plan and its terms and provisions, as amended from time to time, shall be such that it shall at all times be qualified under the Internal Revenue Code, and all other applicable rules, regulations,

32441
00032441;1

8

requirements and provisions of law, so that contributions of Employers to the Trust Fund will be deductible by such Employers for tax purposes under said Code.

(b)     Promulgate and establish rules and regulations for the administration and operation of the Social Security Department in order to effectuate the purposes hereof; and in pursuance thereto (but without limitation on the powers of the Trustees by reason of such enumeration), establish, modify, reduce and determine eligibility requirements for participation of Employees in the Plan and for the payment of benefits to Employees and/or their dependents or other beneficiaries, the amount and computation of benefits, the payment of premiums in the event insurance policies are part of the Plan, the investments of funds and any and all other matters which the Trustees, in their sole discretion, may deem necessary or appropriate to effectuate the purposes and intent of the Social Security Department.  The detailed basis upon which payment of benefits is to be made pursuant to this Agreement shall be specified in writing in the Plan and /or by appropriate resolution of the Trustees subject, however, to such amendment or modification by the Trustees from time to time as they in their discretion may determine.

(c)     Appoint an Administrator of the Social Security Department, which may be a third party administrator,  with authority to control and manage the operation and administration of the Plan and act as custodian of the records of the Plan and Fund.

(d)     Amend the Plan from time to time, provided that such amendments comply with the purposes hereof.  The  Plan and all amendments thereto adopted by the Trustees shall be filed by the Trustees as part of the records and minutes of the Trustees.

(e)     Obtain, no less frequently than annually, a valuation of the costs of the Plan, and on the basis thereof establish and carry out a funding policy, including the establishment and accumulation of such reserve or reserves as the Trustees shall in their opinion deem necessary or advisable for the sound and efficient administration of the Plan.

(f)     Purchase, acquire, receive, retain, administer, surrender or assign any  insurance policies and pay the premiums, and exercise, the rights, privileges, options and benefits contained in any such policies, in the event that the Trustees determine that insurance policies shall be acquired to provide benefits under the Plan.

(g)     Receive any securities or other property included within the term "Funds" hereunder that are tendered to them and that they may deem to be acceptable.

(h)     Pay out of the Trust Fund or withhold for satisfaction or payment all expenses of administering the Plan, and all real and personal property taxes, income taxes (no income tax being contemplated to become due hereunder, as it is intended to have this Trust qualify at all times under the Internal Revenue Code, Section 501, as a tax exempt employee trust), and any other taxes at any time levied or assessed against or in respect to the Trust Fund or any part thereof; provided, however, that the Trustees may contest the validity of any tax and in determining to pay or contest the validity of any such tax, the Trustees may obtain the advice of counsel, and for all and any acts done or omitted to be done pursuant to the advice of such counsel, the Trustees shall be held completely harmless.

(i)     Enter into agreements, contracts and other instruments for the deposit of funds with banks, trust companies or other institutions which accept and hold monies on deposit and

32441
00032441;1

10

authorize such depository to act as Custodian of the funds whether in cash or securities or other property, and authorize such depository to convert, invest and reinvest the funds, entirely or in part, into securities of any kind and nature whatsoever, including its own interest bearing deposits and any common or collective trust fund which it maintains for the pooling of assets, in which case the provisions of the agreement governing the collective trust fund, as amended from time to time, shall govern any investment in the collective trust fund and is hereby made a part of this Trust; and all withdrawals of monies from such account or accounts shall be made only by orders or checks signed by the Trustees authorized in writing by the Trustees to sign the same. Except as hereinafter provided, no order or check for the withdrawal of funds shall be valid unless signed by two Trustees in any combination thereof, one of whom, however, shall be an Employee Trustee and one of whom shall be an Employer Trustee.

(j)     In their discretion appoint one or more banks or trust companies as Corporate Trustees and as investment managers and to delegate to such Corporate Trustees the authority to manage the assets of the Trust Fund that may be transferred to such Corporate Trustees, including the power to invest and reinvest and acquire and dispose of such assets for the benefit of the Trust Fund, and to provide in the agreement with such Corporate Trustees such provisions as may be desirable for the Trust Fund in the Trustees' sole discretion, and to convey and transfer to such Corporate Trustees such part of the assets of the Trust Fund as the Trustees may determine in their sole discretion, and the Trustees shall be forever released from any responsibility or liability with respect to such assets which they may convey to such Corporate Trustees.

32441
00032441;1

11

(k)     In their discretion to appoint an Investment Manager or Managers to manage, acquire, or dispose of any assets of the Trust Fund pursuant to Section 402(c) of ERISA.  Such an Investment Manager may or may not be designed a "Corporate Trustee" or "Corporate Agent." An "Investment Manager" is any fiduciary who had been designated by the Trustees to manage, acquire, or dispose of any assets of the Trust Fund, who is registered as an investment advisor under the Investment Advisors Act of 1940, is a bank as defined in the Act or an insurance company qualified to perform services under the laws of more than one state, and who has acknowledged in writing that it is a fiduciary with respect to the Plan.  The fees of such Investment Manager and its expenses to the extent permitted by law shall be paid out of the Trust Fund.

Section 3.     In addition to all other rights, powers and prerogatives vested in them, the Trustees may:

(a)     Purchase or subscribe for and invest and reinvest in any securities, bonds, mortgages, notes, obligations, warrants, commercial paper, stocks of any class, interest bearing deposits of banks, and trust companies, investment companies or other institutions which accept and hold monies on deposit, common or collective trust funds maintained by banks, trust companies, investment companies and insurance companies (in which case the agreement governing the collective trust fund is incorporated herein), real, personal and mixed property, tangible or intangible, of any kind, even though such investments may not be authorized for the investment of trust funds under state or local law or custom governing the investment of trust funds.  The Trustees may exercise any rights, options and privileges granted in connection with

the investment and reinvestment referred to herein and may delegate the exercise of any such rights, options and privileges to others in their discretion.  The Trustees may purchase and terminate insurance policies, including accident and health insurance, issued by insurance companies.

(b)     Hold from time to time any or all of the Trust Fund in cash, uninvested and non-productive of interest or other income.

(c)     Sell, transfer or dispose of any securities or other property at any time held by them for cash or on credit; and convert or exchange any securities or other property at any time held by them for other securities or property which the Trustees may deem acceptable.  Any such sale, transfer, disposition, conversion or exchange may be made publicly or by private arrangement and no person dealing with the Trustees shall be bound to see to the application of the purchase money or to inquire into the validity, expediency or propriety of any such sale or other disposition.

(d)     Consent or delegate to others in their discretion authority to consent to the reorganization, consolidation, merger, dissolution, or readjustment of finances, of any corporation, company or association any of the securities of which may at any time be held hereunder, and exercise or delegate to others in their discretion authority to exercise any option or options and make any agreement or subscription and pay any expenses, assessments or subscriptions in connection therewith and hold and retain any property acquired by means of the exercise of the powers expressed in this paragraph to the extent that it is acceptable to the Trustees.

32441
00032441;1

13

(e)     Institute any suit or legal proceeding of any kind or nature on behalf of the Plan and Trust Fund, and defend any suit or proceeding against or in respect to the Plan and Trust Fund.

(f)     Compromise, submit to arbitration, settle or release any suit or legal proceeding, claim, debt, damage or undertaking due or owing from or to the Trust Fund on such terms and conditions as the Trustees may deem advisable.  In the administration of the Trust Fund, the Trustees shall not be obligated to take any action which would subject them to any expense or liability unless they be first indemnified in an amount and in a manner satisfactory to them or be furnished with funds sufficient, in their sole judgment, to cover such expenses.

(g)     Register any securities or other property held in the Trust Fund with or without the addition of words indicating that such securities or other property are held in a fiduciary capacity; and hold in bearer form any securities or other property held hereunder so that title thereto will pass by delivery, but the books and records of the Trustees shall show that all such investments are part of the Trust Fund.

(h)     Lease or purchase such premises, materials, supplies and equipment, and employ and retain such legal counsel, investment counsel, administrative, accounting, actuarial, clerical, custodial and other assistants or employees as in their discretion the Trustees may deem necessary or appropriate and to pay their reasonable expenses and compensation out of the Trust Fund.

(i)     Vote in person or by proxy or otherwise, or delegate to others, including investment managers, in their discretion, authority to vote in person or by proxy or otherwise

upon securities held by the Trustees and to exercise by attorney or in any other manner any other rights of whatsoever nature pertaining to securities or any other property at any time held by them hereunder.

(j)    Make, execute and deliver as Trustees any and all instruments in writing necessary or proper for the effective exercise of any of the Trustees' powers as stated herein or otherwise necessary to accomplish the purposes of the Plan and this Trust Agreement.

(k)    Borrow money from others at any time and from time to time, upon such terms and conditions, including the payment of interest, as they may deem advisable, and for the sums so borrowed or advanced the Trustees may issue their promissory note or any other evidence of indebtedness as trustees and secure the repayment thereof by the pledge of any securities or other property in their possession as Trustees hereunder.

(l)    Apply to a court of competent jurisdiction for guidance with respect to the disposition of the Trust Fund; but nothing herein contained shall be deemed or construed as imposing any duty on the Trustees to make such application, or as a limitation of any kind or nature upon the powers, rights and prerogatives of the Trustees.

(m)    Promulgate such requirements for the participation of new Employers in this Trust Agreement and in the Social Security Department and such other rules and regulations as they may, in their discretion, deem proper and necessary for the sound and efficient administration of the Trust, provided that such requirements, rules and regulations are not inconsistent with this Trust Agreement and the Plan.

32441
00032441;1

15

(n)    Authorize any one or more of the Trustees to execute any notice or other instrument in writing and all persons, partnerships, corporations or associations may rely thereupon that such notice or instrument has been duly authorized and is binding on the Trust Fund and the Trustees.

(o)    Designate and authorize an employee of the Social Security Department to sign checks upon such separate and specific bank account or bank accounts as the Trustees may designate and establish for such purpose, provided that any such employee so designated and authorized shall be bonded in an amount suitable and approved by the Trustees.

(p)    Do all other acts, and take any and all other action, whether or not expressly authorized herein, which the Trustees may deem necessary or proper for the protection of the property held hereunder.

(q)    Consistent with applicable law, to allocate fiduciary responsibilities among the Trustees and to designate persons other than Trustees to carry out fiduciary responsibilities by the adoption of a resolution designating the persons who shall carry out such fiduciary responsibilities.  The power to allocate fiduciary responsibilities shall not apply to the allocation of the responsibility to manage the assets of the plan other than the power to appoint an Investment Manager or Managers as permitted by Section 402(c) of ERISA.

Section 4.    The expense incurred in the collection of contributions, to the extent not recovered from the Employer, and in the administration and operation of the Trust Fund, including but without limitation all expenses which may be incurred in connection with Article VII herein, and other expenses herein referred to, shall be paid from the Trust Fund.

Section 5.     The Trustees shall have full discretionary authority to determine all question relating to the nature, amount, eligibility for and duration of benefits to be provided by the Social Security Department.  The Trustees shall have the sole power, authority, and discretion to construe the provisions of this Agreement and the rules and regulations adopted by the Trustees, and any construction adopted by the Trustees in good faith shall be binding upon Local 259, the Employers and the Employees and their dependents or beneficiaries.

## ARTICLE IV

## ACCOUNTS AND RECORDS

Section 1.     All income, profits, recoveries, contributions, forfeitures and any and all monies, securities and properties of any kind at any time received or held by the Trustees hereunder shall be held for the uses and purposes hereof as a commingled trust fund.  Separate accounts or records may be maintained for operational and accounting purposes but no such account or record shall be considered as segregating any funds or property from any other funds or property contained in the commingled fund.

Section 2.     The Trustees shall keep true and accurate books of account and records of all their transactions, which shall be open to the inspection of each of the Trustees at all times and which shall be audited at least annually by an independent certified public accountant selected by the Trustees.  Such audits shall be available at all times for inspection by Local 259, the Employers and Employees at the principal office of the Pension Fund.

## ARTICLE V

## INDEMNIFICATION OF TRUSTEES

Section 1.      To the extent permitted by law, neither the Trustees nor any individual or

successor Trustee shall be personally answerable or personally liable for any liabilities or debts of

the Social Security Department contracted by them as such Trustees, or for the non-fulfillment of

contracts, but the same shall be paid out of the Trust Fund and the Trust Fund is hereby charged

with a first lien in favor of such Trustees for his or their security and indemnification for any

amount paid out by such Trustees for any such liability and for his and their security and

indemnification against any liability of any kind which the Trustees or any of them may incur

hereunder,

Section 2.      To the extent permitted by law, the Trustees and each individual Trustee

shall not be liable for any error of judgment or for any loss arising out of any act or omission in

the execution of the Trust, nor shall any Trustee be personally liable for the acts or omissions

(whether performed at the request of the Trustees or not) of any other Trustee, or of any agent or

person or entity elected or appointed by or acting on behalf of the Trustees unless he participates

knowingly in, or knowingly undertakes to conceal an act or omission of such agent or person or

entity, knowing such act or omission is a breach of fiduciary responsibility, or he has enabled

such agent or person or entity to commit a breach of fiduciary responsibility by his failure to

comply with his own specific responsibilities, or he has knowledge of a breach of fiduciary

responsibility by such agent, or person, or entity and has not made reasonable efforts under the

circumstances to remedy such breach.  The Employers and Local 259 shall in no way be liable in

32441
00032441;1                                        18

any respect for any of the acts or omissions of the Trustees, individually or collectively.  The parties agree to indemnify and save harmless the Trustees against any liability, loss, cost or damage that the Trustees may incur in the exercise and performance of their duties and powers hereunder, and, further, to indemnify and protect the Trustees from any and all claims, demands, suits or proceedings, at law or in equity, that may be brought against them by Employees or their beneficiaries or legal representatives to the extent allowed by law.

Section 3.    The Trustees shall be fully protected in acting upon any instrument, certificate, or paper believed by them to be genuine and to be signed or presented by the proper person or persons, and shall be under no duty to make any investigation or inquiry as to any statement contained in any such writing, but may accept the same as conclusive evidence of the truth and accuracy of the statements contained therein.

Section 4.    To the extent permitted by law, the Trustees shall not be personally liable fort the proper application of any part of the Trust Fund or for any other liabilities arising in connection with the administration or operation of the Trust Fund.

Section 5.    The Trustees may allocate fiduciary responsibilities (other than trustee responsibilities) to legal counsel, accountants, actuaries, consultants and other persons and shall be fully protected in relying upon the actions taken and the advice given by such persons or entities or those designated by such persons or entities.

Section 6.    If an Investment Manager or Managers or Corporate Trustee has been appointed in accordance with the terms of this Agreement and Declaration of Trust, no Trustee shall be liable for the acts or omissions of such Investment Manager or Managers or Corporate

32441
00032441;1

19

Trustee or under an obligation to invest or otherwise manage any asset of the Plan which is subject to the management of such Investment Manager or Corporate Trustee.

Section 7.    The Trustees may, in their sole discretion, seek judicial protection by any action or proceeding they may deem necessary to settle their accounts, or to obtain a judicial determination or declaratory judgment as to any question of construction of the Trust Agreement or instruction as to any action thereunder.  The Trustees shall be required to join as parties defendant in any such action or proceeding only such parties as they may deem necessary or appropriate.

Section 8.    In addition to the indemnifications provided hereinbefore, the Social Security Department will obtain insurance to the extent permitted by law to indemnify and save harmless the Trustees against any liability, loss, cost or damage that the Trustees may incur in the exercise and performance of their duties and powers hereunder, and, further, to indemnify and protect the Trustees from any and all claims, demands, suits or proceedings, at law or in equity, that may be brought against them by Employees or their beneficiaries or legal representatives. Any insurance shall permit recourse by the insurer against the Trustee in case of a breach of fiduciary obligation by such Trustee.  The cost of the premiums on such insurance shall be paid out of the Trust Fund.  Nothing in this Section shall prohibit a Trustee or the Union or the Employers or Employers' representatives from purchasing insurance to cover potential liability of one or more persons who serve in a fiduciary capacity in which the insurer's rights of recourse is waived.

32441
00032441;1

20

Section 9.     Every fiduciary under the Plan and every person who handles funds or other property of the Plan shall be bonded by a duly authorized surety company in the amount fixed in accordance with applicable legal requirements.  This section shall be construed and interpreted in accordance with Section 412 of ERISA and the cost of the premium of the bonds shall be paid out of the Trust Fund.

Section 10.     The Trustees shall not be bound by any notice, direction, requisition, advice or request, unless and until it shall have been received by the Trustees at the principal place of business of the Pension Fund.

Section 11.     No person, partnership, corporation or association dealing with the Trustees shall be obliged to see to the application of any funds, securities or other property paid or delivered to the Trustees as a purchase price or otherwise or to see that the terms of the Trust have been complied with or be obliged to inquire into the authority of the Trustees or the necessity or expediency of any act of the Trustees and every instrument effected by the Trustees shall be conclusive in favor of any person, partnership, corporation or association relying thereon that (1) at the time of the delivery of said instrument the Trust was in full force and effect; (2) said instrument was effected in accordance with the terms and conditions of this Trust Agreement; and (3) the Trustees were duly authorized and empowered to execute such instrument.

Section 12.     The Trustees shall not receive any compensation for the performance of their duties, but shall be reimbursed for all reasonable and necessary expenses incurred in the performance of their duties.

32441
00032441;1                              21

32441
00032441;1

22

## ARTICLE VI

### APPOINTMENT, MEETINGS, RESIGNATION, REMOVAL, ETC., OF TRUSTEES

Section 1.     The Trustees shall be four (4) in number, two (2) of whom shall be Employee Trustees and two (2) of whom shall be Employer Trustees.

Section 2.     The Employee Trustees shall be appointed by Local 259.

Section 3.     The Employer Trustees appointed by the Employers shall be Employers or officers or representatives of Employers which are signatory to collective bargaining agreements with Local 259.

Section 4.     The Trustees shall designate one of their members as Chairman and one as Secretary. The Chairman of the Social Security Department shall at all times be one of the Employer Trustees, and the Secretary shall at all times be one of the Employee Trustees.

Section 5.

(a)     The Employer members of the Automobile Dealers Industrial Relations Association of New York shall have the right at all times, by a vote of a majority of such member Employers, with or without cause, to remove or replace any Employer Trustee or Employer Trustees. In the event of the resignation, death, disqualification, disability or refusal to act of any Employer Trustee resulting in a vacancy, or a vacancy otherwise occurs, a successor Trustee shall be selected by a majority of the Employers of the Automobile Dealers Industrial Relations Association of New York that vote to designate a successor Trustee.

32441
00032441;1

23

(b)     The Employer Trustees shall promulgate and establish rules and regulations for the removal and replacement of any Employer Trustees and for the nomination and election of any successor Employer Trustee by the Employers in accordance with the terms of this Agreement.

Section 6.     Local 259 shall have the right at all times, with or without cause, to replace any Trustee or Trustees designated by it, and to fill any vacancy or vacancies caused by death, disqualification, disability, refusal to act or resignation, or which otherwise occurs, of any Trustee or Trustees designated by it, and to designate a successor Trustee.

Section 7.     The Trustees shall hold office until such time as they are removed or otherwise cease to act as Trustees as provided for in this section.

Section 8.     Any successor Trustee or Trustees shall, upon acceptance in writing of the terms of this Agreement, be vested with all the rights, powers and duties of his or their predecessors.

Section 9.     If, because of any vacancy or vacancies among the Trustees, the number of Trustees shall be less than four (4) , then the Pension Fund shall not for that reason be inoperative.

Section 10.     Meetings of the Trustees may be called at any time by the Chairman, or in his absence by the Secretary, upon the written request of any Trustee.  Notice of such meetings shall be served personally or by mail, not less than three (3) days prior to the date set for such meeting.  A quorum for the transaction of business shall consist of a majority of Trustees and shall require the presence of at least one Employer Trustee and one Employee Trustee.

Section 11.    At all meetings of the Trustees duly convened, all questions shall be determined by a majority vote of the Trustees present and voting, provided, however, that where a vacancy exists, neither the Employer Trustees nor Employee Trustees shall for that reason have a greater number of votes.

Section 12.    Action by the Trustees may also be taken by them in writing without a meeting, provided, however, that in such case there shall be unanimous written concurrence by all of the Trustees.

## ARTICLE VII

## ARBITRATION

Section 1.    In the event the Trustees cannot decide any matter or resolve any dispute because of a tie vote, or in the event decisions cannot be made because of the lack of a quorum at two successive meetings of the Trustees, then and in either of such events, the Trustees shall select an impartial Arbitrator to hear and determine the matter, issue or dispute.  Such Arbitrator shall be selected from a panel of Arbitrators furnished by the American Arbitration Association. Any Trustee may request the American Arbitration Association to furnish the list of Arbitrators.

Section 2.    If the Trustees are unable to agree on an impartial Arbitrator from the list submitted by the American Arbitration Association within seven (7) days after receipt of such list, the American Arbitration Association may be requested to designate an Arbitrator.  All proceedings shall be governed by the Rules of the American Arbitration Association.

Section 3.     The decision or award of the Arbitrator shall be in writing and shall be final and binding on all parties and persons concerned and shall be made within thirty (30) days after the impartial Arbitrator receives all the evidence.  The Arbitrator shall not have the power or authority to change or modify the provisions of this Agreement.

Section 4.     The cost and expense incidental to any arbitration proceeding pursuant to this Article VII, including the fee, if any, of the impartial Arbitrator, shall be a proper charge against the Fund and the Trustees are authorized and directed to pay such charges.

## ARTICLE VIII

## TERMINATION OF INDIVIDUAL EMPLOYERS

Section 1.     An Employer shall cease to be an Employer and Employees of said Employer shall cease to be entitled to benefits under this Trust Agreement whenever.

(a)     Contributions or other payment required to be made by such Employer to or for the account of the Trust Fund shall not be paid  within such time as may be specified by the Trustees; or

(b)     Such Employer terminates his business and/or fails or neglects to enter into a collective bargaining agreement with Local 259 providing for participation by such Employer in the Social Security Department.

Section 2.     When, as provided in Section 1 of this Article, an Employer ceases to be an Employer hereunder, the Employer and employees of said Employer shall have no further rights or powers under this Trust Agreement, except as hereinafter in this Article provided.

32441
00032441;1

26

Section 3.     An Employer who ceases to be an Employer hereunder for the reason stated in Section 1(a) of this Article, upon payment to the Trustees of all amounts then due from him, including such reasonable interest and liquidated damages as may be demanded by the Trustees and any expenses incurred by reason of his default, may be reinstated hereunder by the Trustees, and in such event the Employees of such Employer shall again be entitled to the benefits of this Trust Agreement, subject to such conditions as may be provided therefore in the Plan.

Section 4.     An Employer who ceases to be an Employer hereunder for the reason stated in Section 1(a) of this Article shall continue to remain fully liable for all contributions and other payments required to be made hereunder.  An Employer who ceases to be an Employer for the reason stated in Section 1(b) of this Article shall remain liable for all contributions due up to and including the date of termination as aforesaid in accordance with such rules and regulations as may be promulgated by the Trustees.

## ARTICLE IX

## TERMINATION OF THE TRUST

Section 1.     This Trust Agreement and the Plan may be terminated by an instrument in writing executed by all the Trustees when there is no longer in force an agreement between an Employer and Local 259 requiring any contributions from an Employer to the Social Security Department for the purposes hereinabove provided, except, however, that this Trust Agreement and Plan may also be sooner terminated by the vote of both (a) the Executive Board of Local 259,

32441
00032441;1

27

and (b) a majority of the Employers present at a regular or special meeting of the Employers called for that purpose.

Section 2.      In the event of the termination of the Trust Agreement and the Plan, the Trustees shall apply the Trust Fund in accordance with the requirements of ERISA and distribute and apply any remaining surplus in such manner as will, in their opinion, best effectuate the purpose of the Trust Fund; provided, however, that no part of the corpus or income of said Trust Fund shall be used or diverted to purposes other than the exclusive benefit of employees, and their dependents and beneficiaries, or the administrative expenses of the Trust Fund or the Plan or for other payments in accordance with the provisions of such plan.

Section 3.      Upon termination of the Trust Agreement and the Social Security Department, the Trustees shall forthwith notify Local 259 and each Employer, and the insurance carrier or carriers of any policies which may be held as part of the Trust Fund, and also all other necessary parties; and the Trustees shall continue as Trustees for the purpose of winding up the affairs of the Trust, and may take any action with regard to any policy or policies which may be required by the insurance carrier or carriers thereof and which the Trustees, in their discretion, may deem appropriate.  Upon disbursement of the entire Trust Fund, the trust created by this Agreement shall terminate.

ARTICLE X

MISCELLANEOUS

32441
00032441;1

28

Section 1.     No Employee, or any person claiming by or through such Employee by reason of having been named a dependent or beneficiary in a certificate or otherwise, shall have any right, title or interest in or to the funds or other property of the Trust Fund or any part thereof, except as specifically provided by the Trustees.

Section 2.     No monies, property or equity of any nature whatsoever in the Trust or Trust Fund or policies or benefits or monies payable therefrom, or any legal claims relating thereto, shall be subject in any manner, by any employee or person claiming through such employee, to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, garnishment, mortgage, lien, or charge, and any attempt to cause the same to be subject thereto shall be null and void.

Section 3.     The failure of an Employer to pay the contributions required hereunder promptly when due shall be a violation of the collective bargaining agreement between the said Employer and the Union as well as a violation of the Employer's obligations hereunder.  Non-payment by an Employer of any contribution when due shall not relieve any other Employer from his obligations to make payments.  In addition to any other remedies to which the parties may be entitled, an Employer in default for ten working days may be required in the discretion of the Trustees to pay such reasonable rate of interest and liquidated damages as the Trustees may fix on the moneys due to the Trustee from the date when the payment was due to the date when payment is made, together with all expenses of collection incurred by the Trustees.

Section 4.     All suits and proceedings to recover contributions, or any other payments due to the Trustees or the Trust Fund or to enforce or protect any other rights, demand or claim

32441
00032441;1

29

on behalf of the Trustees or of the Trust Fund, may be instituted and prosecuted on behalf of the Social Security Department in its name as such, or by any two Trustees, one of whom shall be an Employer Trustee and one of whom shall be an Employee Trustee, who may be thereunto authorized by the Trustees.  Suits and proceedings to recover contributions due from Employers may also be instituted and prosecuted by Local 259; and in the event of any recovery thereof by Local 259, the amount of such recovery, less the cost and expenses incurred by Local 259  in connection with such suit or proceedings, shall be promptly turned over to the Trust Fund by Local 259.  In all suits and proceedings for the recovery of Employer contributions or any other payments due to the Trustees or the Trust Fund, the Employer shall be liable not only for the contributions or other payments which may be due but for all expenses incurred in the collection thereof including reasonable attorneys' fees, court costs and arbitration fees, interest and liquidated damages.

Section 5.     Notices given to the Trustees, Local 259,  or any Employer hereunder or distribution or delivery of any statement or document required hereunder to be made to the Trustees, Local 259, or Employers, unless otherwise specified, shall be sufficient if in writing and delivered to, or sent by postpaid first class mail or prepaid overnight mail, to the respective addresses thereof.

Section 6.     All rules, regulations, provisions and requirements established or promulgated by the Trustees pursuant to the terms hereof shall be deemed incorporated in and made a part of this Trust Agreement and shall be binding upon the parties hereto with the same force and effect as if herein originally contained.

32441
00032441;1

30

Section 7.     Within their discretion, and in accordance with the requirements of law, the Trustees may take corrective action with respect to mistakes by the Social Security Department or others.  With respect to employer contributions made by mistake of fact or law, such contributions shall be applied as a credit toward future contributions to the extent allowed by applicable law.

## ARTICLE XI

## CONSTRUCTION OF TRUST AGREEMENT

Section 1.     The provision of this Trust Agreement shall be liberally construed by the Trustees in order to promote and effectuate the establishment and operation of the Social Security Department herein contemplated.  The Trustees shall have power in their sole discretion to interpret, apply and construe the provisions of this Trust Agreement and the Plan, and any construction, interpretation and application adopted by the Trustees in good faith shall be binding upon Local 259,  the Employer and the Employees and their dependents and beneficiaries.  No individual or person may act as agent for the Fund unless specifically authorized in writing by the Trustees.  No Employer or Union nor any representative of any Employer or Union, is authorized to interpret the Plan, nor can any such person act as agent of the Trustees.  Only the Board of Trustees is authorized to interpret the Plan.

Section 2.     All rules, regulations, provisions, and requirements established or promulgated by the Trustees pursuant to the terms hereof shall be deemed incorporated in and

32441
00032441;1

31

made a part of this Trust Agreement and shall be binding upon the parties hereto with the same force and effect as if herein originally contained.

Section 3.     In all litigation involving this Trust Agreement or the Plan, this Trust Agreement and the Plan shall be construed, regulated and administered under the laws of the State of New York, except to the extent preempted by federal law.  All contributions received by the Trustees hereunder shall be deemed to have been received in the State of New York and the Trustees shall be accountable only in the State of New York.

Section 4.     In the event that any provisions of this Trust Agreement shall be held illegal or invalid for any reason, said illegality or invalidity shall not affect the remaining provisions of this Trust Agreement; and the provision or provisions held illegal or invalid shall be fully severable and the Trust Agreement shall be construed and enforced as if said illegal or invalid provisions had never been inserted herein.

## ARTICLE XII

## AMENDMENTS

Consistent with the provisions of the collective bargaining agreements aforesaid, this Trust Agreement may be amended in any respect from time to time by the Trustees, provided that all such amendments comply with the uses, purposes and trusts herein provided and provided further that no amendments shall divert any property from the Trust Fund.  Each such amendment shall be duly executed in writing by the Trustees and filed by the Trustees as part of the records and minutes of the Trustees, and a copy thereof shall be sent to Local 259, and the

32441
00032441;1

32

Employers.  The Trustees shall have full power in their sole discretion to fix the effective date of any amendment.

## ARTICLE XIII

## EXECUTION OF TRUST AGREEMENT

Section 1.     This Trust Agreement may be executed in one or more counterparts.  The signature of a party on any counterpart shall be sufficient evidence of his execution thereof.

Section 2.     An Employer shall become a party to this Trust Agreement by executing a counterpart hereof or by executing a collective bargaining agreement or any other written instrument wherein he agrees to participate in the Social Security Department pursuant to the terms of this Trust Agreement.

32441
00032441;1

IN WITNESS WHEREOF, the undersigned do hereby execute this Agreement and Declaration of Trust and agree to act as Trustees in accordance with the terms and provisions thereof.

EMPLOYEE TRUSTEES

_____
William Pickering

_____
Carlo Oliveri

EMPLOYER TRUSTEES

_____
Alan Isaacs

_____
Jeffrey Isaacs

AMENDMENT NO. 1 TO THE
LOCAL 259 UAW SOCIAL SECURITY DEPARTMENT
AGREEMENT AND DECLARATION OF TRUST

WHEREAS, Article XII of the Local 259 UAW Social Security Department Agreement and Declaration of Trust (the "Agreement") provides that it may be amended from time to time by the Trustees; and

WHEREAS, the Trustees desire to amend the Agreement to provide for the crediting of employer contributions made by mistake of fact or law;

NOW, THEREFORE, BE IT RESOLVED THAT Section 7 of Article 10 of the Agreement be amended to read as follows:

"Section 9. Within their discretion, and in accordance with the requirements of law, the Trustees may take corrective action with respect to mistakes by the Social Security Department or others. With respect to employer contributions made by mistake of fact or law, such contributions shall be applied as a credit toward future contributions to the extent allowed by applicable law.

Adopted: December 11, 2001

_____
Trustee

_____
Trustee

_____
Trustee

_____
Trustee

00047925;1